JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRP GRIFFIN APARTMENTS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> YAPI YAPI ET AL., <br><br> Defendants. | Case No. 2:22-cv-02829-FLA (MAR) <br><br> **ORDER REMANDING ACTION AND DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS** |

## BACKGROUND

On March 1, 2022, Plaintiff IRP Griffin Apartments, LLC ("Plaintiff") filed an unlawful detainer action in Los Angeles Superior Court against defendants Eddy Anvo ("Defendant"), Yapi Yapi, and Katou Yapi. ECF Docket No. ("Dkt.") 1 at 1, 5–10. Plaintiff appears to assert that the defendants have failed to vacate the property after being served a notice to quit and now seeks costs and damages. *Id.*

On April 28, 2022, Defendant filed a Notice of Removal, invoking the court's federal question jurisdiction. *Id.* at 1–3. Defendant also filed an Application to Proceed in District Court Without Prepaying Fees or Costs. Dkt. 3.

/ / /

/ / /

# DISCUSSION

## A. APPLICABLE LAW

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the court may remand a case summarily if there is an obvious lack of jurisdiction. *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

## B. ANALYSIS

Defendant asserts that this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. Dkt. 1 at 1–2. 28 U.S.C. § 1441 ("Section 1441") provides, in relevant part, that a defendant may remove to federal court a civil action in state court of which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). 28 U.S.C. § 1331 ("Section 1331") provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Here, the court's review of the Notice of Removal and attached Complaint makes clear that it does not have federal question jurisdiction over the instant action under section 1331. First, there is no federal question apparent from the Notice of Removal or attached exhibits; the underlying Complaint appears to

1 allege only a simple unlawful detainer cause of action based on state law.  *See*
2 *Wescom Credit Union v. Dudley*, No. 10-cv-08203-GAF (SSx), 2010 WL
3 4916578, at *2 (C. D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not
4 arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v.*
5 *Ocampo*, No. 09-cv-02337-PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan.
6 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction
7 where plaintiff's complaint contained only an unlawful detainer claim).
8       Second, Defendant argues his Answer "depends on the determination of
9 Defendant's rights and Plaintiff's duties under federal law."  Dkt. 1 at 2–3.
10 However, Defendant does not specify what federal law is implicated by his
11 Answer; in fact, he only appears to explicitly cite the California Code of Civil
12 Procedure.  *Id.* (alleging the notice to quit failed to comply with "The Protecting
13 Tenants Moratorium Act [1179.10(b)]"); *see* Cal. Civ. Proc. Code § 1179.10
14 (prescribing procedures for a notice to quit).  In any case, it is well settled that a
15 "case may not be removed to federal court on the basis of a federal
16 defense . . . even if the defense is anticipated in the plaintiff's complaint, and even
17 if both parties concede that the federal defense is the only question truly at issue."
18 *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).
19       Thus, to the extent Defendant's defenses to the unlawful detainer action are
20 based on alleged violations of federal law, those defenses do not provide a basis for
21 federal question jurisdiction.  *See id.*  Because Plaintiff's complaint does not
22 present a federal question, either on its face or as artfully pleaded, the court lacks
23 jurisdiction under Section 1441.
24 / / /
25 / / /
26 / / /
27
28

**CONCLUSION**

Accordingly, IT IS ORDERED that the action be REMANDED to the Los Angeles Superior Court. IT IS FURTHER ORDERED that Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 3) is DENIED as moot.

IT IS SO ORDERED.

Dated: May 12, 2022

FERNANDO L. AENLLE-ROCHA
United States District Judge

4